UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

TRAVIS GATHERS,

                           Plaintiff,                    10-CV-0475Sr

v.

DR. JOSEPH TAN, et al.,

                           Defendants.

---

## DECISION AND ORDER

Plaintiff, proceeding pro se, commenced this action pursuant to 42 U.S.C. § 1983 alleging the denial of adequate medical care following the rupture of his Achilles tendon during his incarceration at the Collins Correctional Facility ("Collins"),. Dkt. #1.

Currently before the Court is plaintiff's motion for sanctions against the defendants for their alleged failure to properly respond to plaintiff's discovery demands. Dkt. #50.  Specifically, plaintiff challenges the defendants' response to an interrogatory seeking identification of the person at Collins who spoke with the New York State Commission of Corrections Forensic Unit following the investigation of plaintiff's complaint regarding his medical treatment.  Dkt. #50, ¶ 5.  By letter dated December 19, 2008, the New York State Commission of Corrections advised plaintiff that the

> Commission Forensic Unit spoke with Collin's [sic] Correctional Facility Medical Unit which according to them you had ruptured your Achilles and now have your cast off [sic] you are currently undergoing progressive ambulation and physical therapy, and have been improving.

Dkt. #50-1, p.9. Each of the defendants responded that they did not know the identity of

the individual who communicated with the New York State Commission of Corrections Forensic Unit following the investigation of plaintiff's complaint regarding his medical treatment. Dkt. #50, ¶ 9 & Dkt. #50-2.

Plaintiff also challenges defendants' responses to interrogatory No. 4, which asks defendants to specify the manner in which plaintiff was progressing with physical therapy and improving, as set forth in the physical therapist reports dated 12/16/08 and 12/18/08. Dkt. #50, ¶ 10.  Each of the defendants responded, "I cannot respond on this clinical component" or "I do not know."  Dkt. #50-2.  The Court notes that none of the defendants are physical therapists.

In response to his request for supplementation of these interrogatories, counsel advised plaintiff that defendants properly responded to the interrogatory by informing plaintiff that they did not know the answer to plaintiff's request for information. Dkt. #50-2, pp.41 &57.

Finally, plaintiff challenges defendants' response to the Court's Case Managment Order directing defendants to provide the identity of all persons who were present at, witnessed, or investigated the events from which plaintiff's claim arose.  Dkt. #50, ¶ 17.  Counsel for defendants served their Rule 26 Disclosure on January 2, 2013 and March 14, 2013, noting that they had identified any possible witnesses that may be called in this matter (including the physical therapist), and had already provided plaintiff any documents associated with this matter.  Dkt. #50-2, pp.45 & 57.

Upon review of the interrogatory responses and Rule 26 disclosures provided to plaintiff, the motion for sanctions is denied. Defendants have complied with their discovery obligations and cannot be required to provide plaintiff with information that is beyond their personal knowledge.

**SO ORDERED.**

DATED:  Buffalo, New York
April 9, 2013

  s/ H. Kenneth Schroeder, Jr.
**H. KENNETH SCHROEDER, JR.**
**United States Magistrate Judge**